FORM 1 VOLUNTARY PETITION

*Chapter 13 written*

| United States Bankruptcy Court<br>Northern District of Illinois | VOLUNTARY<br>PETITION |
|---|---|

IN RE (Name of debtor-if individual, enter Last, First, Middle)

**Price Sharon**

NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle)

ALL OTHER NAMES used by debtor in the last 6 years
(Include married, maiden and trade names)

ALL OTHER NAMES used by the joint debtor in the last 6 years
(Include married, maiden and trade names.)

SOC. SEC./TAX I.D. NO. (If more than one, state all)

**9988**

SOC. SEC./TAX I.D. NO. (If more than one, state all)

STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)

**6439 S. Kenwood Apt 23**
**60637**
**Chicago, IL**

STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip)

COUNTY OF RESIDENCE OR
PRINCIPAL PLACE OF BUSINESS
**Cook**

COUNTY OF RESIDENCE OR
PRINCIPAL PLACE OF BUSINESS

MAILING ADDRESS OF DEBTOR (If different from street address)

**PO Box 2208**
**Country Club Hills, IL 60478**

MAILING ADDRESS OF JOINT DEBTOR (If different from street address)

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR
(If different from addresses listed above)

☒ Debtor has been domiciled or has had a residence, principal place
of business or principal assets in this District for 180 days
immediately preceding the date of this petition or for a longer part of
such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general
partner or partnership pending in this District.

INFORMATION REGARDING DEBTOR (Check applicable boxes)

TYPE OF DEBTOR
☒ Individual
☐ Joint (H&W)
☐ Partnership
☐ Other _____

☐ Corporation Publicly Held
☐ Corporation Not Publicly Held
☐ Municipality

CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE
PETITION IS FILED (Check one box)
☐ Chapter 7       ☐ Chapter 11      ☒ Chapter 13
☐ Chapter 9       ☐ Chapter 12      ☐ § 304-Case Ancillary to Foreign
                                        Proceeding

NATURE OF DEBT
☒ Non-Business Consumer    ☐ Business - Complete A&B below

FILING FEE (Check one box)
☐ Filing fee attached.
☒ Filing fee to be paid in installments. (Applicable to individuals only) Must attach
signed application for the court's consideration certifying that the debtor is
unable to pay fee except in installments. Rule 1006(b), see Official Form No.3

A. TYPE OF BUSINESS (check one box)
☐ Farming          ☐ Transportation        ☐ Commodity Broker
☐ Professional     ☐ Manufacturing/        ☐ Construction
☐ Retail/Wholesale    Mining               ☐ Real Estate
☐ Railroad         ☐ Stockbroker           ☐ Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
Law Offices of Ronald B. Lorsch
1829 West 170th Street
Hazel Crest, IL 60429
Telephone No. (708) 799-0102

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR

☐ Debtor is not represented by an attorney. Telephone _____
represented by an _____

STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)
(Estimates only) (Check applicable boxes)

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that after any exempt property is excluded and administrative
expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
☒ 1-15   ☐ 16-49   ☐ 50-99   ☐ 100-199   ☐ 200-999   ☐ 1000-over

ESTIMATED ASSETS (In thousands of dollars)
☒ Under 50   ☐ 50-99   ☐ 100-499   ☐ 500-999   ☐ 1000-9999   ☐ 10,000-99,000   ☐ over 100,000

ESTIMATED LIABILITIES (In thousands of dollars)
☒ Under 50   ☐ 50-99   ☐ 100-499   ☐ 500-999   ☐ 1000-9999   ☐ 10,000-99,000   ☐ over 100,000

ESTIMATED NUMBER OF EMPLOYEES -CH 11 & 12 ONLY
☐ 0   ☐ 1-19   ☐ 20-99   ☐ 100-999   ☐ 1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
☐ 0   ☐ 1-19   ☐ 20-99   ☐ 100-499   ☐ 500-over

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 06/29/2005
Time:  12:30:28
Debtor: SHARON PRICE
Case:  05-25712    Fee : 194
Chapter: 13 Rec. # : 3134243
Judge: Carol Doyle
341 mtg: 07/26/2005 @ 01:00PM
ConfHrs: 08/18/2005 @ 10:30AM
Trustee: MARILYN MARSHALL

1:05BK25712-BK001

Name of Debtor _Sharon Price_                    Case No. _____

(Court use only)

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____    ☐ Debtor intends to file a plan within the time allowed by statute, rule, or
is attached.                                                                      order of the court.

## PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed _Northern District Of Illinois Eastern Division_ | Case Number _00-1027_ | Date Filed _2000_ |
|---|---|---|

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THIS DEBTOR (If more than one, attach additional sheet)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

## REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X _Ronald B. Torok_                    Date _____
Signature

| INDIVIDUAL /JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is  true and correct. | I declare under penalty of perjury that the information provided in this petition is  true and correct, and that the filing of this petition  on behalf of the debtor has been authorized. |
| X _Sharon y Price_ | X. _____ |
| Signature of Debtor | Signature of Authorized Individual |
| Date _6/29/05_ | Print or Type Name of Authorized Individual |
| X _____ | _____ |
| Signature of Joint Debtor | Title of Individual Authorized by Debtor to File this Petition |
| Date | Date |

## EXHIBIT "A" (To be completed if debtor is a corporation requesting relief under chapter 11.)

☐ Exhibit "A" is attached and made a part of this petition.

## TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter,
and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, exhibit "B" has been completed.

X _____                    Date _____
Signature of Debtor

X _____                    Date _____
Signature of Joint Debtor

## EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they ) may proceed under
chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____                    Date _____
Signature of Attorney

Sharon Price                                          Debtor(s)      Case No.                    (If known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| none | | | | |
| | | | Total -> $ 0 | (Report also on Summary of Schedules.) |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| Cash on hand | X | | | |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| Household goods and furnishings including audio, video and computer equipment. | X | | | |
| Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | Wearing apparel | | 200.00 |
| Wearing apparel. | | | | |
| Furs and jewelry. | X | | | |

SCHEDULE B
PERSONAL PROPERTY

In re: Sharon Price

Debtor(s)        Case No.            (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | x | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | x | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | x | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | x | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | x | | | |
| 15. Accounts receivable. | x | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | x | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | x | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | x | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | x | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | x | | | H 5650 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Dodge neon 30,000 miles | | |
| 24. Boats, motors, and accessories. | x | | | |
| 25. Aircraft and accessories. | x | | | |
| 26. Office equipment, furnishings, and supplies. | x | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 28. Inventory. | x | | | |
| 29. Animals. | x | | | |
| 30. Crops - growing or harvested. Give particulars. | x | | | |
| 31. Farming equipment and implements. | x | | | |
| 32. Farm supplies, chemicals, and feed. | x | | | |
| 33. Other personal property of any kind not already listed. Itemize. | x | | | |

None

_____ continuation sheets attached

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total →  $ 5650

In re: Sharon Price

Debtor(s)          Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.
☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Wearing apparel | 735 ILCS 5/12 1001(a) | 200 | 200 |
| 2003 Dodge neon | 735 ILCS 5/12 1001(b) | 2000 | 2000 |
| 2003 Dodge neon | 735 ILCS 5/12 1001(c) | 1200 | 1200 |

In re: Sharon Price

Debtor(s)       Case No.                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| ACC # Bank one P.O. Box 260161 Baton Rouge, LA 70826 | | | Purchase: 1/05 2003 Dodge neon. VALUE $ 565C | | 9000 | 3350 |
| ACC # City of Chicago/Department of Police 650 West 83rd St Chicago, IL 60620 | | | Car impounded VALUE $ | | 880 | |
| ACC # | | | VALUE $ | | | |
| ACC # | | | VALUE $ | | | |
| ACC # | | | VALUE $ | | | |
| ACC # | | | VALUE $ | | | |
| ACC # | | | VALUE $ | | | |
| ACC # | | | VALUE $ | | | |
| ACC # | | | VALUE $ | | | |

None continuation sheets attached

Subtotal -> (Total of this page)   $ 9000

'If conti...

In re: Sharon Price

Debtor(s)        Case No.                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ Extensions of credit in an involuntary case
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a) (2).

☐ Wages, salaries, and commissions
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (3).

☐ Contributions to employee benefit plans
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

☐ Certain farmers and fishermen
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

☐ Deposits by individuals
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6)

☐ Taxes and Certain Other Debts Owed to Governmental Units
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (7).

☐ Commitments to Maintain the Capital of an Insured Depository Institution
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a) (8).

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| None   Continuation sheets attached. | | | Subtotal -> (Total of this page) | | $ | |
| | | | Total -> (use only on last page of the completed Schedule E) | | $ | |

In re: Sharon Price

Debtor(s)          Case No.                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # IRS Mail Stop 5010 CHI 230 S. Dearborn ST. Chicago, IL 60604 | | | Federal income Tax 1998 | | 5,619.90 |
| A/C # | | | | | |
| A/C # IRS Mail Stop 5010 CHI 230 S. Dearborn ST. Chicago, IL 60604 | | | Federal income Tax 2000 | | 3,421.19 |
| IRS Mail Stop 5010 CHI 230 S. Dearborn ST. Chicago, IL 60604 | | | Federal income Tax 2001 | | 230 |
| A/C # Payday Loans 8832 South Cicero Ave Oak Lawn, IL 60453 | | | Loan 2002 | | 1600 |
| A/C # Sur Finance 4214 W. 31st Chicago, IL 60616 | | | Loan | | 900 |
| A/C # Bud's Ambulance Service c/o Depenen Collection Service P.O. Box 1074 River Forest, IL 60305 | | | Ambulance Service | | 210.00 |
| A/C # c/o Depenen Collection P.O. Box 6074 River Forest, IL 60305 | | | May have interest in above Claim | | |
| A/C # COMED Bill Payment Center Chicago, IL 60668 | | | light Bill | | 226.53 |

⌐ Continuation Sheets attached.

contingent, enter C; if unliquidated, enter U; if disputed, enter D.

Subtotal -> (Total of this page)   $12,207.62

Total ->

In re: Sharon Price

Debtor(s)                    Case No

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD. | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # Christ Medical Center % Medical Recovery Specialists 2200 East Devon Ave. Suite 288 Des Plaines, IL 60018 | | | Medical | | 110.36 |
| A/C # Medical Recovery Specialists 2200 East Devon Ave. Suite 288 Des Plaines, IL 60018 | | | May have interest in above claim | | |
| A/C # City of Chicago % PRT P.O. Box 802079 Chicago, IL 60680 | | | | | 383.00 |
| A/C # PRT P.O. Box 802079 Chicago, IL 60680 | | | May have interest in above claim | | |
| A/C # Watson Motorsport 3934 W. 147th St Midlothian, IL 60445 | | | | | 1150.00 |
| A/C # Christ Medical Center P.O. Box 70508 Chicago, IL 60673 | | | Medical | | 649.00 |
| A/C # The McGarth Clinic S.C. 12021 South Harlem Av. Palos Heights, IL 60463 | | | Medical | | 255.20 |
| A/C # Credit Acceptance Silver Triangle Building 25505 W. Twelve Mile Rd Southfield, Michigan 48034 | | | Repo | | 7109.15 |
| A/C # | | | | | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors
Holding Nonpriority Claims.

Subtotal → $ 9,656.71
(Total of this page)

Total → $ 21,864.33

In re: Sharon Price                    Debtor(s)      Case No.                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

In re: Sharon Price                                    Debtor(s)      Case No.                (if known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

In re: Sharon Price

Debtor(s) | Case No. | (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| Single | Son | 15 | Son |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Clerk | |
| Name of Employer | US Post Office | |
| How long employed | 23 years | |
| Address of Employer | | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 3200 | $ |
| Estimate monthly overtime | | |
| SUBTOTAL | $ 3200 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 640 | |
| b. Insurance | 48.00 per month | |
| c. Union dues | | |
| d. Other (Specify) Thrift Savings repayment of loan 111 | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1023 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 2177 | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | | |
| Income from real property | | |
| Interest and dividends | | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | |
| Social security or other government assistance (Specify) | | |
| Pension or retirement income | | |
| Other monthly income (Specify) | | |
| TOTAL MONTHLY INCOME | $ 2177 | $ |

TOTAL COMBINED MONTHLY INCOME $ 2177 (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re: Sharon Price                                    Debtor(s)        Case No.                        (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

Rent or home mortgage payment (include lot rented for mobile home) .................................................. $ 700

Are real estate taxes included? ☐ Yes ☐ No     Is property insurance included? ☐ Yes ☐ No

Utilities  Electricity and heating fuel ...........................................................................................

        Water and sewer ......................................................................................................

        Telephone ...............................................................................................................

        Other .......................................................................................................................

Home maintenance (repairs and upkeep) .................................................................................

Food ..................................................................................................................................... 300

Clothing ............................................................................................................................... 100

Laundry and dry cleaning .................................................................................................... 50

Medical and dental expenses ............................................................................................... 100

Transportation (not including car payments) ....................................................................... 150

Recreation, clubs and entertainment, newspapers, magazines, etc. ......................................

Charitable contributions ....................................................................................................... 100

Insurance (not deducted from wages or included in home mortgage payments)

        Homeowner's or renter's ..........................................................................................

        Life .........................................................................................................................

        Health ..................................................................................................................... 100

        Auto ........................................................................................................................ 100

        Other ......................................................................................................................

Taxes (not deducted from wages or included in home mortgage payments)
(Specify)

Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)

        Auto

        Other

Alimony, maintenance, and support paid to others

Payments for support of additional dependents not living at your home ....................................

Regular expenses from operation of business, profession, or farm (attach detailed statement) ....

Other ...................................................................................................................................

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) ....................................... $ 1820

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income ....................................................................................... $ 2177

B. Total projected monthly expenses ................................................................................... 1820

C. Excess income (A minus B) ............................................................................................. $ 357

D. Total amount to be paid into plan each          Monthly          ............................................... $ 357

In re: Sharon, Price                                Debtor(s)          Case No.

                                                                                (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.                    (Total shown on summary page plus 1.)

Date 6/20/05                              Signature: _____
                                                                                Debtor

Date _____                     Signature: _____
                                                                   (Joint Debtor, if any)

                                          (If joint case, both spouses must sign.)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.          (Total shown on summary page plus 1.)

Date _____                     Signature: _____

                                          (Print or type name of individual signing on behalf of debtor.)

                   (An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT   NORTHERN   DISTRICT OF   ILLINOIS

In re: **SHARON PRICE**

Debtor(s)   Cas No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

☐ None   1. Income from Employment or Operation of Business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give AMOUNT and SOURCE (If more than one).

2005   2004   2003
13,659   28,000   26,000

☐ None   2. Income Other than from Employment or Operation of Business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give AMOUNT and SOURCE.

3. Payments to Creditors

☒ None   a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

☒ None   b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

4. Suits, Executions, Garnishments and Attachments

☒ None   a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a

Credit Acceptance corp v. Sharon Price
Circuit Court of Cook County
Judgment entered April 7th, 2005

immediately preceding the commencement of this case. Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

[X] None    5. Repossessions, Foreclosures, and Returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

6. Assignments and Receiverships

[X] None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

[X] None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

[X] None    7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT.

[X] None    8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

[ ] None    9. Payments Related to Debt Counseling or Bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

Ronald B. Lorsch, 1829 W. 170th Street, Hazel Crest, IL

$ ○    Attorney's Fees
$ ○    Filing Fee

[X] None    10. Other Transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, and DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED.

☒ None   11. Closed Financial Accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF INSTITUTION, TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

☒ None   12. Safe Deposit Boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURRENDER, IF ANY.

☒ None   13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OR CREDITOR, DATE OF SETOFF and AMOUNT OF SETOFF.

☒ None   14. Property Held for Another Person

List all property owned by another person that the debtor holds or controls.
Give NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

☒ None   15. Prior Address of Debtor

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.
Give ADDRESS, NAME USED and DATES OF OCCUPANCY.

18243 Sycamore Av.
Cantry Club Hills, co 478

5917 Indiana
Chicago. IL. 60637

### Unsworn Declaration under Penalty of Perjury.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 6/20/05 _____   Signature of Debtor _Sharon M Price_____

Date _____   Signature of Joint Debtor (if any) _____

None   continuation sheets attached

Penalty for making a false statement. Fine

UNITED STATES BANKRUPTCY COURT            NORTHERN DISTRICT OF ILLINOIS

are SHARON PRICE            Debtor(s)      Case No.            (If Known)

# STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection with this case     $ 2700

    (b) prior to filing this statement, debtor(s) have paid     $ 0

    (c) the unpaid balance due and payable is     $ 2700 +194 filing fee + 9.40 Copying cost

(3) $ 0    of the filing fee in this case has been paid.     2903.40

(4) The services rendered or to be rendered include the following:

    (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.

    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed.~~and~~

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed~~and~~

(7) The undersigned **has received** no transfer, assignment or pledge of property except the following for the value stated:

None

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

None

Respectfully submitted. ... *Ronald Lorsch* ....Attorney for Petitioner

Dated:

Attorney's name and address: Ronald B. Lorsch, 1829 West 170th Street, Hazel Crest, IL 60429

02/03/04 rev.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.  It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy.  In this connection, the advice of an attorney is often crucial.  Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES  *[Check one option.]*

☐ Option A: flat fee through confirmation          ☑ Option B: flat fee through case closing

1a. *Pre-confirmation services.*  Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court.  For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ _____ .  In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services.  Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services.  The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.*  Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services.  The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court.  For all of the services outlined above, the attorney will be paid a fee of $ 2700  In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services.  The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.*  Fees payable under the provisions set out above are not refundable in the event that the case is dismissed before confirmation (Option A) or completion of plan payments (Option B), unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement.  If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.*  The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case.  In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw ormfrom the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date:

6/20/05

**Total fee to be paid for attorney's
services: $ 2700
(Do not sign if this line is blank.)**

Signed:

_____

Debtor(s)

_____

Attorney for Debtor(s)